IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORILLION CRADDOCK,                    :        Civil No. 3:15-cv-2168
                                      :
            Petitioner                :
                                      :        (Judge Mariani)
       v.                             :
                                      :
DAVID J. EBBERT,                      :
                                      :
            Respondent                :

## MEMORANDUM

Petitioner, Orillion Craddock, an inmate currently confined at the United States

Penitentiary, Lewisburg, Pennsylvania filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 challenging his 2008 federal conviction and sentence from the

United States District Court for the Eastern District of Virginia. (Doc. 1). For the following

reasons, the habeas petition will be dismissed for lack of jurisdiction.

## I.    Background

On March 5, 2008, Craddock was indicted in the United States District Court for the

Eastern District of Virginia on one count of possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered sawed-

off shotgun, in violation of 26 U.S.C. § 5861(d). *See United States v. Craddock*, No. 3:08-

cr-49 (E.D. Va.) at (Doc. 11). These charges arose out of the seizure of a sawed-off

shotgun during the execution of a search warrant at Craddock's grandmother's residence.

Craddock was ultimately convicted by a jury and, on October 9, 2008, he was sentenced to

a term of imprisonment of 120 months. *Id.* at (Docs. 30, 53).

On direct appeal, Craddock argued that the prosecutor's closing argument improperly vouched for and bolstered the testimony of two Government witnesses, warranting a new trial. *United States v. Craddock*, 364 Fed. Appx. 842 (4th Cir. 2010). The Fourth Circuit Court of Appeals concluded that "the prosecutor's vouching for the witnesses, though improper, did not prejudice Craddock such that he was deprived of a fair trial." *Id.* at 844. The Fourth Circuit Court of Appeals therefore affirmed Craddock's conviction and sentence. *Id.*

On December 22, 2010, Craddock filed multiple identical motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the sentencing court. *United States v. Craddock*, No. 3:08-cr-49 (E.D. Va.) at (Docs. 71, 73, 76). On December 19, 2013, the motions were denied and the court denied a certificate of appealability. *United States v. Craddock*, 2013 WL 6729282 (E.D. Va. 2013). Craddock appealed the district court's denial of his section 2255 motion and, on February 11, 2010, the Fourth Circuit Court of Appeals dismissed the appeal. *United States v. Craddock*, No. 3:08-cr-49 (E.D. Va.) at (Doc. 112); *United States v. Craddock*, 583 Fed. Appx. 235 (4th Cir. 2014). On May 26, 2015, a petition for writ of certiorari was denied by the United States Supreme Court. *Craddock v. United States*, 135 S.Ct. 2371 (2015). A petition for rehearing was thereafter denied by the United States Supreme Court. *Craddock v. United States*, 136

2

S.Ct. 22 (2015).

In November 2015, Craddock filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he challenges his conviction and sentence from the Eastern District of Virginia.  (Doc. 1).

## II.    Standard of Review - Screening

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F.Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.).  "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'"  *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III.   Discussion

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-

3

23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently." *Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see In re Dorsainvil*, 119 F.3d 245, 251-53 (3d Cir. 1997). Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court.[1] *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*,

---

[1]    The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

In the instant petition, Craddock seeks to "vacate his conviction, or set aside, or correct his sentence." (Doc. 1, p. 1). He claims that his sentence should be vacated because the sentencing court "lack[ed] [] jurisdiction to sentence Petitioner for the 922(g) charge", the indictment failed to charge the essential elements of the crime, and he is actually innocent. (Doc. 1; Doc. 2, pp. 2-3, 12-19).

Although Craddock's claims fall within the purview of § 2255, he has failed to seek permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A),[2] prior to proceeding in this Court. Craddock previously filed a section 2255 motion in the United States District Court for the Eastern District of Virginia. Craddock "maintains that his failure to raise the jurisdictional claim, along with the defective indictment argument in his original 28 U.S.C. § 2255 makes that remedy inadequate and ineffective to

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[2]   28 U.S.C. § 2244(b)(3)(A) states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

contest the legality of his sentence, and conviction." (Doc. 2, pp. 2-3). Simply because

Craddock's prior habeas petition was dismissed by the sentencing court and/or the one-year

statute of limitations to file a section 2255 motion has expired, does not render 28 U.S.C. §

2255 inadequate or ineffective for Craddock to raise his present claim. "It is the inefficacy of

the remedy [under § 2255], not the personal inability to use it, that is determinative."

*Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)).

Accordingly, as a matter of law "[s]ection 2255 is not inadequate or ineffective merely

because the sentencing court does not grant relief, . . . ." *Cradle*, 290 F.3d at 539.

Therefore, Craddock may not simply rely upon the prior refusal of the court to grant him

relief under § 2255 to justify foregoing such a motion at this time. Additionally, Craddock's

failure to raise his present claims in a prior habeas petition does not render 28 U.S.C. §

2255 inadequate or ineffective. Further, Craddock challenges the jurisdictional elements of

the underlying offense, which is an issue within the purview of the sentencing judge.

Section 2255 may also be inadequate or ineffective where the prisoner is imprisoned

for conduct that the Supreme Court later determines is not criminal and where the prisoner

did not have an opportunity to raise his claim in a § 2255 motion. *Dorsainvil*, 119 F.3d 245.

However, Craddock does not meet this exception as he has not argued that an intervening

change in substantive law has rendered his conduct no longer criminal.

Craddock has made no showing that § 2255 is inadequate or ineffective to test the

6

legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Craddock's proper recourse is to seek permission from the Fourth Circuit Court of Appeals to file a successive section 2255 motion in the sentencing court.[3] *See Gordon v. United States*, 209 Fed. Appx. 173 (3d Cir. 2006) (affirming the District Court's decision that it lacked jurisdiction over the inmate's § 2241 habeas petition challenging his conviction on weapons and robbery counts since such claims were within the purview of § 2255 and the inmate did not seek permission from the Court of Appeals to file a second or successive § 2255 motion). Because Craddock did not obtain permission from the Fourth Circuit Court of Appeals to file a second or successive section 2255 motion pursuant to 28 U.S.C. § 2244(b)(3), the instant petition will be dismissed for lack of jurisdiction.

## IV.   Conclusion

Based on the foregoing, the Court lacks jurisdiction to consider Craddock's petition. Therefore, the petition will be dismissed. Notably, dismissal will be without prejudice to Craddock's ability to take any action he deems appropriate to seek permission to file a second or successive motion pursuant to section 2255.

---

[3]   This Court takes no position on whether Craddock may be able to successfully obtain leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion for relief under § 2255 with the United States District Court.

An appropriate Order follows.

Date: December $\underline{\smash{/0}}^{th}$, 2015

Robert D. Mariani
United States District Judge

8